IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD C. HALLAM, JR.,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )   Civil Action No. 13-649
CAROLYN W. COLVIN,                    )
ACTING COMMISSIONER OF                )
SOCIAL SECURITY,                      )
                                      )
            Defendant.                )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 22nd day of September, 2014, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on September 1, 2010, alleging disability beginning on February 1, 2005, due to back and joint problems, anxiety, bipolar and sleep disorders and alcohol addiction. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on November 15, 2011, at which he appeared and testified while represented by counsel. On January 27, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 29, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 44 years old on his alleged disability onset date, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work

experience as a carpenter and garage door installer, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that the medical evidence established that plaintiff suffers from the severe impairments of status post bilateral knee replacement surgery, lumbosacral spondylosis, degenerative joint disease of the hips, obesity, bipolar disorder, anxiety disorder and alcohol dependence; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is precluded from crouching, kneeling, crawling and climbing ladders, scaffolds and ropes and he is restricted to only occasional climbing of steps. In addition, he cannot be exposed to unprotected heights, and he requires a sit/stand option.[1] Finally, plaintiff is limited to simple, routine and repetitive tasks and only simple work-related

---

[1] The sit/stand option gave plaintiff the option of standing or walking no more than 20 minutes at a time after which he could sit for two minutes. It also provided that plaintiff could sit no more than 30 minutes at a time after which he could stand for two minutes.

AO 72
(Rev. 8/82)

decisions (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a small parts assembler, weigher/scales operator or inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the

AO 72
(Rev. 8/82)

claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[2] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 3 by failing to find that his mental health impairments meet or equal one of the listed impairments. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. For reasons explained below, these arguments are without merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Burnett, 220 F.3d at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for her decision. Burnett, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that his bipolar disorder, anxiety disorder and alcohol dependence meet or equal a mental health listing. Although plaintiff broadly claims that his impairments meet or equal a listing, he has failed to cite any medical evidence to demonstrate that he satisfies all the requirements of any particular listing.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at her step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from bipolar disorder, anxiety disorder and alcohol dependence, which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that she considered listings under sections 12.04 (affective

disorders), 12.06 (anxiety disorders) and 12.09 (substance abuse disorders), but she found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 23). The ALJ then explained in great detail why plaintiff's mental health impairments do not meet or equal any listing. (R. 23-25).

The ALJ satisfied her burden; however, plaintiff failed to sustain his burden of showing that his impairments meet or equal a listing. Other than making a broad, unsubstantiated assertion that his mental health impairments meet or equal a listing, plaintiff failed to demonstrate that the evidence of record supports his argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Acting Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). In this case, plaintiff argues that the ALJ erred at step 5 because the RFC Finding does not adequately account for certain Global Assessment of Functioning ("GAF") scores attributed to him, and the ALJ improperly considered his ability to perform various activities of daily living in evaluating whether he was capable of working. Each of these arguments lack merit.

Plaintiff first argues that the ALJ's RFC Finding is not supported by substantial evidence because it does not adequately account for certain GAF scores at or below 50 that were assessed by some of his mental health treatment providers.[3] Contrary to plaintiff's position, the ALJ did not err in her consideration of low GAF scores attributed to plaintiff, which the ALJ determined were entitled to only minimal weight. (R. 33).

As an initial matter, a claimant's GAF score is not determinative of disability. See Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy. Thus, the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate."); Wind v. Barnhart, 2005 WL 1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs). Despite the fact that one's GAF score alone is not controlling, the ALJ in this case considered plaintiff's low GAF scores and explained that she gave them minimal weight because they were issued while he was being treated for alcohol intoxication or withdrawal and did not reflect his mental status

---

[3]GAF is a numeric scale used by mental health clinicians and physicians to rate subjectively the social, occupational and psychological functioning of adults. A GAF score between 41-50, for example, indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job, cannot work).

independent of the effects of withdrawal symptoms or alcohol intoxication. (R. 33). Thus, the ALJ considered, but ultimately decided to discount, plaintiff's low GAF scores. There was nothing improper concerning the ALJ's analysis.

Plaintiff's final argument - that the ALJ improperly considered his ability to perform daily activities in evaluating whether he was capable of working - also is without merit. According to the Regulations, a claimant's activities of daily living is one factor the ALJ is permitted to consider in assessing the credibility of his claimed limitations. See 20 C.F.R. §§404.1529(c)(3)(i), 416.929(c)(3)(i) (stating that the ALJ will consider a claimant's daily activities in assessing the severity of his alleged impairments). Consistent with the Regulations, the ALJ in this case properly considered plaintiff's activities of daily living as one factor among many in crafting the RFC Finding.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: A. Tereasa Rerko, Esq.
    Quatrini Rafferty
    550 East Pittsburgh Street
    Greensburg, PA 15601

    Paul Kovac
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)